1

**Samuel B. VINCI, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 74–13–M.

United States District Court, N. D. West Virginia, Martinsburg Division.

March 8, 1976.

Jerome Radosh, Martinsburg, W. Va., for plaintiff.

James F. Companion, U. S. Atty., Wheeling, W. Va., for defendant.

MAXWELL, Chief Judge.

## MEMORANDUM ORDER

Plaintiff, Samuel B. Vinci, instituted this action for review of a final decision of the Secretary of Health, Education, and Welfare, denying his claim for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is founded on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporated the provisions of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's claim for benefits was filed prior to December 31, 1973, and is therefore within the purview of Part B of the Act, 30 U.S.C. § 921 *et seq.* The sole issue presented for determination is whether the Secretary's decision is supported by substantial evidence. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  .   .   . ." 42 U.S.C. § 405(g); *Thomas v. Celebrezze,* 331 F.2d 541 (4th Cir. 1964); *Mounts v. Finch,* 304 F.Supp. 910, 913 (S.D.W.Va.1969).

Plaintiff, to establish his right as a living coal miner to benefits under the Act, has the burden of showing that he was a coal miner, that he was totally disabled due to pneumoconiosis resulting from employment in the nation's coal mines, and that he filed a proper claim for benefits.  20 C.F.R. §§ 410.410(b)(1) and 410.201.

The Secretary found that plaintiff worked in underground coal mines for a period of more than ten (10) years and that such employment ended in September, 1952. Vinci's application for black lung benefits was filed April 8, 1971, and was initially denied July 1, 1971, and, upon reconsideration, again denied on October 11, 1973. Plaintiff's claim was heard *de novo* by an administrative law judge whose decision de-

nying Vinci's claim for benefits was handed down April 22, 1974. The Secretary's decision became final when the Appeals Council upheld the Administrative Law Judge's decision on September 13, 1974.

30 U.S.C. § 921(a) and (b) provide that the Secretary shall ". . . make payments of [black lung] benefits in respect of total disability of any miner due to pneumoconiosis, . . .", and that "[t]he Secretary shall by regulation prescribe standards for determining . . . whether a miner is totally disabled due to pneumoconiosis . . . ."

In enacting the Black Lung Benefits Act of 1972, Congress noticed the existence of a backlog of claims filed under the 1969 Act and recognized as a causal factor for the delay in their adjudication the lack of medical testing facilities and resources in the coal fields. The will of Congress that the Secretary expedite processing of black lung claims is expressed at p. 2322, 72 United States Code Congressional and Administrative News:

> . . . the committee expects the Secretary to adopt such interim evidentiary rules and disability evaluation criteria as will permit prompt and vigorous processing of the large backlog of claims consistent with the language and intent of these [Black Lung Benefits Act of 1972] amendments.

The Secretary, in response to the Congressional mandate to expedite the adjudication of black lung claims, promulgated interim adjudicatory rules, 20 C.F.R. 410.-490, which imposed less stringent standards for establishing disability due to pneumoconiosis than the requirements found in the permanent rules.

Plaintiff was born October 22, 1918, and has an eighth grade education. He last worked as a coal miner in September, 1952, and, from 1955 until 1972, he worked as a laborer in construction. Vinci is sixty-nine (69) inches tall. In his application for Black Lung benefits, plaintiff described his disability as "asthma".

Under the interim adjudicatory rules set forth in 20 C.F.R. § 410.490, a coal miner who filed a claim for benefits before July 1, 1973, will be presumed to be totally disabled due to pneumoconiosis if one of the following medical requirements is met:

1. A chest x-ray or biopsy establishes the existence of pneumoconiosis. 20 C.F.R. 410.428.

2. In the case of a coal miner with at least ten (10) years of coal mine employment, ventilatory studies establish the presence of a chronic pulmonary disease as demonstrated by values equal to or less than:

| Height in inches | Equal to or less than— | |
| --- | --- | --- |
| | $FEV_1$ and MVV | |
| | [liters] | [liters per minute] |
| 69 | 2.4 | 96 |

The first test under the interim adjudicatory rules § 410.490(b)(1)(i), a chest x-ray dated May 28, 1971, does not support Vinci's claim for Black Lung benefits. Although Radiologist Clinton L. Rogers interpreted Vinci's x-ray as showing "small opacities-irregular-profusion ½", which is evidence of pneumoconiosis (§ 410.-428(a)(1)(iii)), Doctors J. S. Gordonson and G. J. Rosenstein interpreted plaintiff's x-ray to fall within sub-category o/o, a classification not accepted as evidence of pneumoconiosis. 410.428(a)(1)(iii). It is the province of the Secretary to resolve conflicts in evidence, *Gotshaw v. Ribicoff*, 307 F.2d 840 (4th Cir. 1962). While § 923(b) and 20 C.F.R. 410.414(c) provide that no claim for Black Lung benefits can be denied solely on the basis of a negative chest x-ray, it was held in *National Independent Coal Operator's Association v. Brennan* and *Association of Bituminous Contractors, Inc. v. Brennan, Secretary of Labor*, 372 F.Supp. 16 (D.D.C.1974) that the Act does not preclude consideration of negative chest x-rays as competent evidence or even, as long as other evidence supports the x-rays, as the most persuasive evidence. It is clear that Vinci has not established his claim to Black Lung benefits under 20 C.F.R. 410.-490(b)(1)(i).

Plaintiff's test values of $FEV_1$ 2.6 liters per second and MVV 116 liters per minute

exceed the interim adjudicatory requirements of $FEV_1$ 2.4 liters per second and MVV 96 liters per minute for establishing the presence of chronic pulmonary disease for a man 69 inches tall. 20 C.F.R. § 410.490(b)(1)(ii).

■ Even if by chest x-ray and ventilatory studies plaintiff had met the presumption of total disability under § 410.490(b), paragraph (c)(1) of this section provides that the presumption of disability may be rebutted if there is evidence that the individual is, in fact, doing his usual coal mine work or work requiring the skills and abilities comparable to those of any work in a mine. § 410.412(a)(1). The record discloses that Vinci worked from 1955 to 1972 as a construction laborer. This work history supports the finding that plaintiff possessed the capacity to engage in gainful work requiring skills and abilities comparable to those in coal mining.

Clearly there is not in the record evidence to support a finding under the interim adjudicatory rules the existence of an impairment entitling Vinci to benefits under the Act. Neither is there evidence to premise a finding of disability under the more stringent continuing criteria, 20 C.F.R §§ 410.410–410.430.

The plaintiff has not sustained the burden of proving his entitlement to benefits under the requirements of the Act and the regulations promulgated thereunder. There is substantial evidence in the record to support the Secretary's decision denying Vinci's claim for benefits and it is accordingly

ORDERED that the Government's motion for summary judgment under Rule 56(b), Federal Rules of Civil Procedure, be, and the same hereby is, granted. It is further

ORDERED that this civil action be removed from the docket of the Court.